**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL O'CONNELL, as Administrator of**
**the Estate of PATRICK O'CONNELL,**
**Deceased, and YORK INSURANCE COMPANY OF MAINE,**
**individually and as subrogors of MICUCCI**
**WHOLESALE GROCERS, and MICUCCI**
**WHOLESALE GROCERS, Individually,**

                                                     **Plaintiffs,**

                                                     08-CV-569

**THE ARBORIO ROAD CONSTRUCTION COMPANY,**
**INCORPORATED, JOHN ARBORIO, INC., and**
**CLOUGH HARBOUR & ASSOCIATES, LLP;**

                                                     **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

### I. INTRODUCTION

      Presently before the Court is Plaintiffs' motion for default judgment against Defendant Arborio Road Construction Company Inc. ("ARCC") pursuant to Rule 54(c) of the Federal Rules of Civil Procedure.

### II. BACKGROUND

      The instant action involves a vehicular accident that occurred on June 28, 2006 when Interstate 88 collapsed at the Carrs Creek Culvert and the decendent's vehicle plunged into the creek. Defendant Clough Harbour was granted summary judgment on February 22, 2010 and dismissed from the action. (Dkt. No. 41). Proof of proper service on ARCC has been filed

1

and ARCC has not appeared in the action. Accordingly, entry of default was entered against ARCC on January 27, 2009. Plaintiffs now move for a default judgment. No response to the instant motion has been filed and the time for doing so has now expired.

Plaintiffs request: (1) judgment in the amount $30,150,000.00; or, in the alternative (2) a judgment on liability against ARCC and a stay of any determination of damages until the conclusion of the claims against the State of New York pending before the New York Court of Claims.

## II. DISCUSSION

Upon the default of a party, the Court must accept all factual allegations of the complaint as true, except those relating to damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default judgment entered on the well-pleaded allegations in a complaint establishes a defendant's liability, see Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975), and the sole issue that remains before the court is whether the plaintiff has provided adequate support for the relief it seeks. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986) (when a defendant defaults, "the factual allegations of the complaint relating to liability are taken as true, but the allegations relating to the amount of damages are not"). A court may determine the appropriate damages on the basis of affidavits and other documentary evidence, "as long as [the court has] ensured that there [is] a basis for the damages specified in the default

judgment." Transatlantic Marine, 109 F.3d at 111 (quoting Fustok v. Conti Commodity Servs., 873 F.2d 38, 40 (2d Cir.1989)).

Here, based on the entry of default and Plaintiffs' well-pleaded complaint, ARCC is liable on the claims asserted in the Complaint. Accepting as true the facts in the Complaint, it has been established that ARCC is liable as a result of its negligence, and that the decedent did not negligently contribute to his own death or loss of property. While the allegations in the Complaint establish liability, they are insufficient to support the claimed damages. Accordingly, Plaintiffs must submit evidence, admissible in form, substantiating the claim for damages. In light of the pending Court of Claims action, the Court will afford Plaintiffs a period of six months from the date of this Order to submit proof concerning the claimed damages.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for default Judgement is **GRANTED** with respect to the issue of liability and that Plaintiffs shall submit evidence, on notice to Defendants, concerning damages within six months of the date of this Order. Defendants shall then have thirty days to file a response to Plaintiffs' evidence. Either party may request a hearing on the issue of damages.

**IT IS SO ORDERED.**

Dated:April 29, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

3